THE STATE, EDGAR, PROSECUTOR, v. JEWELL, COLLECTOR OF TAXES IN THE CITY OF RAHWAY.

1. The owner of a certain farm of two hundred and ninety acres of land, of which two hundred and twenty acres were in the township of Woodbridge, and seventy acres in the city of Rahway, on which was the dwelling-house and curtilage, occupied by tenants who had no connection with the farm, which was cultivated by one Price, who lived in a small tenement on part of the seventy acres in the city of Rahway, and who received for his labor and services, as farmer, a certain share of the product of said farm, (the owner living on other premises, in the township of Woodbridge,) cannot be taxed in the city of Rahway for the entire farm, but only for the dwelling-house and curtilage.

2. A contract between the owner of lands and a third person, that the latter shall work the farm on shares, is not a lease, and does not create the relation of landlord and tenant.

On *certiorari*, to remove assessment of taxes for the year 1867.

For plaintiff in *certiorari*, *Garret Berry*.

Contra, *J. Henry Stone*.

DEPUE, J. The prosecutor is the owner of a farm containing two hundred and ninety acres of land, which is divided by the line between the city of Rahway and the township of Woodbridge, in the county of Middlesex, so that two hundred and twenty acres thereof are within the township of Woodbridge, and seventy acres within the city of Rahway. The homestead dwelling-house is on that part of the premises which lies within the city, and is occupied by tenants who have no connection with, or interest in, the farm. The farm was cultivated by one Price, who received for his labor and services, as farmer, a certain share of the products of the farm. Price lived in a small tenement-house on that part of the farm which lies within the city of Rah-

way. The prosecutor resided in the township of Wood-
bridge, on other premises, about one-half a mile from the
farm in question.

The entire farm was taxed against the prosecutor, as
owner, both in the township of Woodbridge and in the city
of Rahway.

The mode of taxing a farm or lot which is divided by
township or county lines is prescribed by the sixth section
of the act of 1866. *Nix. Dig.* 951, § 88.* The assessment is
to be made upon the entire tract, if it is occupied, in the
township or ward in which the occupant resides, and if unoc-
cupied, then each part is to be assessed to the owner in the
township or ward in which the same may be.

A contract between the owner of lands and a third person
that the latter shall work the farm on shares, the products
to be divided between them, is not a lease. Such an arrange-
ment does not create the relation of landlord and tenant.
The occupier, by virtue of an agreement of this kind,
becomes simply a tenant in common with the other con-
tracting party, of the growing crops, and this joint interest
continues until it is severed by a division. *Guest* v. *Opdyke,*
2 *Vroom* 552. An agreement between the owner and A,
that the latter shall manage the farm for a stipulated sum
per week, and be allowed to reside in and have the use of a
dwelling-house and furniture therein, free of rent, is not a
demise of the house, the occupation of it being a mere
remuneration, in part, for services. *Doe* v. *Derry* 9 *C. &*
*P.* 194; *The King* v. *Stock,* 2 *Taunt.* 340.

Where a farm, which is divided by township lines, is put
within the control of another for cultivation, the latter
receiving a share of the crops as a remuneration for his ser-
vices, the farm is considered, for purposes of taxation, to be
in the occupation of the owner, and is properly taxed to the
owner in the township in which he resides, when he resides
in one of the two townships in which the land is situate.
It was so decided in *The State* v. *Hoffman,* 1 *Vroom* 346.
That the owner does not reside upon the farm can make no

* *Rev.,* p. 1152, § 65.

difference. *State* v. *Hay*, 2 *Vroom* 275. The assessment upon the farm in the city of Rahway was illegal.

The case agreed upon admits that the mansion-house, with the curtilage attached to it, within the city, was occupied by parties as tenants, holding under the prosecutor, and having no interest in the farming operations. These premises are legally taxable in the city. *State* v. *Hay.* Their value, it is agreed, is $5,000. To that extent the assessment is affirmed. In other respects it is set aside.

BEDLE and DALRIMPLE, Justices, concurred.

CITED *in N. J. Midland Railway Co.* v. *Van Syckle*, 8 *Vr.* 507 ; *McQuade* v. *Emmons*, 9 *Vr.* 399.